IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INDEMNITY COMPANY, an Illinois corporation,

Plaintiff,

v.

GO APPLIANCES, LLC, d/b/a GARY OWENS APPLIANCES, LLC, an Oregon corporation, and GARY OWENS, an individual, d/b/a GARY OWENS WASHER AND DRYER REPAIR,

Defendants.

Civ No. 05-1595-AA

OPINION AND ORDER

Delaney L. Miller
COZEN O'CONNOR
Washington Mutual Tower
1201 Third Avenue, Suite 5200
Seattle, WA 98101
Attorney for plaintiff

John S. Knowles
Daniel S. Hasson
DAVIS ROTHWELL EARLE & XOCHIHUA
1300 S.W. Fifth Avenue, Suite 1900
Portland, OR 97201
Attorneys for defendant Gary Owens d/b/a Gary Owens Washer and Dryer Repair

AIKEN, Judge:

Plaintiff brings claims for negligence and products liability arising from a house fire allegedly caused by defendants' actions in reconditioning a used refrigerator. Plaintiff voluntarily dismissed its claims against defendant Go Appliances, d/b/a/ Gary Owens Appliances, LLC; thus, Gary Owens d/b/a Gary Owens Washer and Dryer Repair is the sole defendant. Owens moves for summary judgment on plaintiff's products liability claim, arguing that a dealer of used goods cannot be held strictly liable as a matter of law. The motion is denied.

BACKGROUND

Plaintiff insured residential property owned by Mark and Andrea Johnson located at 8014 NE 104th Avenue, Vancouver, Washington. The homeowner's policy issued by plaintiff provided coverage for the residence in the event of fire or other casualty.

On May 3, 2003, the Johnsons purchased a used refrigerator from Gary Owens Appliances, LLC in Portland, Oregon. Prior to selling the refrigerator, Owens replaced the compressor; reversed the door; fixed or replaced a gasket, a bar on the door, and a freezer shelf support; and changed a freezer light bulb. Owens sold only used appliances, and Owens or his employees typically inspected, serviced, tested, and cleaned the appliances before offering them for sale.

On November 25, 2003, a fire occurred in the Johnson home.

According to plaintiff, the only plausible cause of the fire was an internal failure of the refrigerator compressor or one of its component parts.

The Johnsons submitted insurance claims to plaintiff, and plaintiff paid the Johnsons' claim pursuant to its obligations under their policy. Through subrogation, plaintiff possesses all rights and remedies that the Johnsons would have against Owens to the extent of plaintiff's payments to the Johnsons.

On December 2, 2005, plaintiff filed this action, alleging negligence and a violation of the Oregon Products Liability Act, Or. Rev. Stat. § 30.900.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of

a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

DISCUSSION

Owens moves for summary judgment on plaintiff's product liability claim. Owens argues that as a seller of used goods, he cannot be held liable under Oregon products liability law.

In support of his motion, Owens relies on the Oregon Supreme Court's ruling in Tillman v. Vance Equipment Co., 286 Or. 747, 596 P.2d 1299 (1979). There, a used equipment dealer sold a crane to the plaintiff's employer, who had asked the dealer to locate a crane for purchase. Id. at 749, 596 P.2d 1299. After the employer inspected and approved the crane, the dealer purchased the crane and immediately resold the crane "as is" to the employer. Id. The plaintiff became injured while greasing the gears and alleged a claim of strict liability against the dealer, arguing that the

crane was defectively designed and that the dealer had provided no warnings as to it dangerous condition. Id.

The Oregon Supreme Court found that imposing strict liability on a seller of used equipment in these circumstances would not promote the intended purposes of strict liability. Id. at 754, 596 P.2d 1299. Accordingly, the Court held that in the "absence of some representation of quality beyond the sale itself or of a special position vis-a-vis the original manufacturer or others in the chain of original distribution," a seller of used goods "is not strictly liable in tort" for a defect that was created by the manufacturer. Id. at 750, 757, 596 P.2d 1299.

Owens argues that, under Tillman, plaintiff cannot assert a claim for products liability, because the refrigerator sold to the Johnsons was used and Owens was in the business of selling used appliances. While Owens acknowledges the distinguishing facts of Tillman, he maintains that two of the relevant policy considerations justifying strict liability - the reasonable expectations of the purchaser and the overall reduction of risk - compel the same result in this case. Tillman, 286 Or. at 753-55. I disagree.

In Tillman, the seller did not warrant the safety or condition of the equipment; rather, the crane was sold "as is." Tillman, 286 Or. 749-50, 596 P.2d 1299. Based on these facts, the Oregon Supreme Court held that the sale of a used good, without more, was

insufficient to "infer any representation of safety." Id. at 755, 596 P.2d 1299. Here, however, Owens warranted the performance and condition of the compressor, if not the refrigerator, for one year. Written on the purchase receipt for the refrigerator is the phrase, "1-year Warranty P& L," with words "new compressor" written underneath. See Affidavit of Gary Owens (attachment). At his deposition, Mark Johnson testified that he understood the entire refrigerator to be covered by the warranty rather than only the compressor. Declaration of Daniel S. Hasson, Ex. A, p. 2. Johnson's understanding is consistent with Owens's deposition testimony regarding the general scope of his warranties. Affidavit of Delaney L. Miller, Exs. A and B. Thus, the existence of a warranty renders this case outside of the "class of cases" addressed in Tillman. 286 Or. at 754, 596 P.2d 1299.

Additionally, as recognized by Owens, the seller in Tillman did no more than sell the used equipment - it did not design, manufacture, or create the allegedly dangerous condition of the crane. The Court thus recognized that the imposition of strict liability on a seller of used goods would not reduce the overall risk of defects, because the "position of the used-goods dealer is normally entirely outside the original chain of distribution of the product. . . . [T]here is no ready channel of communication by which the dealer and the manufacturer can exchange information about possible dangerous defects in particular product lines or

about actual and potential liability claims." Id. at 756, 596 P.2d 1299. In contrast, Owens installed a new compressor and performed service work on the refrigerator, and plaintiff presents an expert affidavit stating that the new compressor was defective.[1] The facts of this case are thus distinguishable from those of Tillman, where the defendant seller performed no services related to the alleged defective condition of the crane. Id. at 749-50, 596 P.2d 1299.

Owens nevertheless maintains that replacement of a component part cannot support a products liability claim, citing Hoover v. Montgomery Ward & Co., Inc., 270 Or. 498, 528 P.2d 76 (1974). However, Hoover "present[ed] the question of whether the definition of 'dangerously defective product' should be expanded to include within the scope of strict liability the negligent installation of a nondefective product." Id. at 501, 528 P.2d 76. The Oregon Supreme Court declined to do so. Id. In this case, plaintiff's claim of strict liability is not based on the installation of a

[1]Tom Jones, plaintiff's expert, opines that the fire originated in the areas of the refrigerator compressor and/or its related its component parts, and that the fire "was most likely caused by a defect or failure related to the compressor and/or its related component parts." See Affidavit of Tom Jones, p. 2. Owens argues that the court should disregard the affidavit, because Jones is not an expert with respect to the design, manufacture, or installation of refrigerators or their component parts, and his opinion does not establish definitively the cause of the fire. However, I find that Jones's education, training, and experience render him qualified to render an opinion as to the cause of the fire, which raises an issue of fact regarding the quality and condition of the compressor. See Affidavit of Tom Jones, Ex. A.

non-defective compressor; it is based on plaintiff's contention that the new compressor itself was defective. Therefore, Hoover is unavailing.

In sum, construing all facts in favor of plaintiff, genuine issues of fact remain as to the scope of the one-year warranty provided by Owens and the condition of the compressor. Accordingly, Tillman does not compel summary judgment against plaintiff's products liability claim.

## CONCLUSION

Defendant Gary Owens' Motion for Summary Judgment (doc. 21) is DENIED. IT IS SO ORDERED.

Dated this 19 day of July, 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge